IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD G., | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| MARTIN O'MALLEY,[1] | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
|     Defendant | : | NO. 24-142 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                          August 26, 2024

      Reginald G. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff filed a brief supporting his request for review, the Commissioner responded to it, and Plaintiff has filed a reply brief. For the reasons set forth below, Plaintiff's Request for Review will be denied, and Judgment will be entered in Defendant's favor and against Plaintiff.

### I.    PROCEDURAL HISTORY[2]

      On June 23, 2021, Plaintiff applied for SSI, alleging disability, beginning June 15, 2018, R. at 17, caused by seizures, migraine headaches, hallux rigidus (characterized primarily by stiffness in his big toe).[3] R. at 19. The Social Security Administration ("SSA") initially denied

---

[1] Martin O'Malley became Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted as Defendant in this suit. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.
[2] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record ("R.").
[3] Plaintiff also has been diagnosed with obstructive sleep apnea and diabetes. R. at 19.

1

Plaintiff's claim on October 7, 2021, and, upon reconsideration, on April 27, 2022, so he requested a hearing. *Id.* at 55-73. On October 14, 2022, Plaintiff appeared before Administrative Law Judge Robert Ryan ("the ALJ") for that administrative hearing. *Id.* at 32. Plaintiff, represented by an attorney, and vocational expert, Diana Sims ("the VE"), testified at the hearing. *Id.* On November 3, 2022, the ALJ, using the sequential evaluation ("SEP") process for disability,[4] issued an unfavorable decision. *Id.* at 25. The Appeals Council denied Plaintiff's request for review on November 20, 2023, making the ALJ's findings the Commissioner's final determination. *Id.* at 1. After the ALJ's decision became the Commissioner's final decision, Plaintiff sought judicial review from this court on January 11, 2024. Both parties consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Plaintiff's Personal History</u>

Plaintiff, born on January 2, 1961, R. at 35, was 61 years old when the ALJ rendered his

---

[4] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If claimant is impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given claimants residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

2

decision. He graduated high school and completed approximately a year of vocational training in electrical technology. R. at 35.

B.Plaintiff's Testimony

At the October 14, 2022 hearing, Plaintiff testified regarding limitations that he alleges result from the following: an ongoing seizure disorder; the prescribed narcotics he takes; severe migraines; gout in his right foot; and a compromised immune system. R. at 37-38. He takes Topamax for his seizures, and is also prescribed the following: Benadryl, melatonin, and Compazine. *Id.* at 41, 44, 60. Plaintiff also stated he takes penicillin for his weakened immune system. *Id.* at 38

Plaintiff testified that he experiences daily headaches when he wakes up; on a good day, the pain is tolerable, but on bad days, he must take a prescribed medication cocktail that often puts him to sleep. *Id.* at 42. He experiences excruciating headaches up to four days a week. *Id.* at 42. As for his seizures, Plaintiff testified that he experiences them approximately every six months. *Id.* at 39.

Plaintiff testified that he experiences difficulty with prolonged standing and walking because of the foot issue. *Id.* at 45. He stated that he can stand up to 15-20 minutes a day before he must change positions, and he can walk up to half a block before needing to stop. *Id.* Plaintiff wears a boot as an assistive device to walk. *Id.* at 47. Plaintiff testified that he has difficulty with lifting and carrying because of his condition and balance issues. *Id.* at 45. The maximum weight he can lift approximates a broom or a gallon of milk. *Id.* at 46.

Plaintiff does not have a driver's license. *Id.* at 36. Family members assist him if he needs to travel for groceries or other necessities beyond the distance that he can walk. *Id.* at 46. He does not need assistance completing his personal grooming or making meals. *Id.* at 48.

C.      Vocational Expert's Testimony

At the October 14, 2022 administrative hearing, VE Sims testified. R. at 51-53. The ALJ asked the VE to consider a hypothetical individual of Plaintiff's age, education, and with no work experience, but who could perform the exertional demands of medium[5] unskilled[6] work, but could never do the following: climb ladders or scaffolds, . . . work at unprotected heights or near unguarded moving machinery, . . . work near an open flame, and . . . operate a motor vehicle. *Id.* at 51. The VE responded that such an individual could perform the unskilled and medium exertional level jobs of: (1) linen room attendant, 152,000 positions nationally; (2) day worker, 150,000 jobs nationally; and (3) counter supply worker, 95,000 positions nationally. *Id.* The ALJ next asked the VE whether an individual, under the previously stated conditions, and who was "off task up to but not in excess of 10%," was precluded from work. *Id.* The VE replied that such an off-task percentage was within an "acceptable . . . competitive range." *Id.* at 52.

### III.    THE ALJ'S FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since June 23, 2021, the application date (20 CFR 416.971 *et seq.*).
2. [Plaintiff] has the following severe impairments: seizure disorder and migraines (20 CFR 416.920(c)).
3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
4. After careful consideration of the entire record, the

---

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 416.968(a).

   undersigned finds that [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except [Plaintiff] is unable to climb ladders or scaffolds and cannot work at unprotected heights or near unguarded, moving machinery. [Plaintiff] cannot operate a motor vehicle. He would be off task up to but not in excess of 10% of a workday.
5. [Plaintiff] has no past relevant work (20 CFR 416.965).
6. [Plaintiff] was born on January 2, 1960 and was 61 years old, which is defined as an individual of advanced age, on the date the application was filed. [Plaintiff] subsequently changed age category to closely approaching retirement age (20 CFR 416.963).
7. [Plaintiff] has at least a high school education (20 CFR 416.964).
8. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).
9. Considering [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969a).
10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since June 23, 2021, the date the application was filed (20 CFR 416.920(g)).

R. at 19-20, 23-25.

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if substantial evidence supports them. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.

*Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion. *Id.* Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91. Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359; *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42

U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents a return to their past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given their age, education, work experience, and residual functional capacity. *See Poulos,* 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ concluded that Plaintiff could perform work in the national economy since suitable jobs exist in significant numbers. R. at 24. These jobs included those identified by the VE: (1) linen room attendant, (2) day worker, and (3) counter supply worker. *Id.* at 51. The ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), he was not disabled from June 23, 2021, through the date of his decision, November 3, 2022. *Id.* at 25.

At the administrative hearing, Plaintiff stated that the symptoms of his severe seizure and migraine impairments preclude him from performing any type of work. *Id.* at 21, 38-39. In his brief, Plaintiff argues that remand is warranted because the ALJ erred in properly evaluating his severe foot condition at Step Two, which led to an inappropriate evaluation of the medical opinions in the record when formulating Plaintiff's RFC. Pl's Br. at 8. Defendant contends that the ALJ reasonably found Plaintiff not disabled, and reached a result supported by substantial evidence. Def.'s Resp. at 7. This court finds that Plaintiff is not entitled to relief because the ALJ's decision

is supported by substantial evidence.

### The ALJ Did Not Err in His Evaluation and Finding that Plaintiff's Alleged Impairment Was Not Severe

Plaintiff argues that the ALJ's finding that his foot arthritis was not a severe impairment is contradicted by the medical evidence. Pl.'s Br. at 8. Defendant counters that the ALJ's decision is supported by substantial evidence. Def.'s Resp. at 2. This court finds that the decision is supported by substantial evidence, and the ALJ did not err.

At issue, according to Plaintiff, is the ALJ's evaluation of his non-severe big toe impairment, which was diagnosed as hallux rigidus. Pl.'s Br. at 8. Hallux rigidus is characterized primarily by stiffness in the big toe.[7] The ALJ explained that there was not enough documentation to show that Plaintiff's long-standing toe impairment was severe and would significantly limit his ability to perform basic work activities. R. at 19.

Plaintiff cites his treating source, Aqiyla Muhammad, M.D., to support the claim that he is limited to no more than two hours of standing and walking due to his condition. Pl.'s Br. at 13 (citing R. at 565-587). The ALJ addressed Dr. Muhammad's opinion and explained why he found it unpersuasive and inconsistent with the record evidence. R. at 23. The ALJ also cited the other medical evidence that he found persuasive.[8] *Id.* at 22-23.

Plaintiff's argument essentially asks this court to reweigh the evidence the ALJ considered and arrive at a different conclusion regarding the severity of his big toe impairment. Pl.'s Br. at 4-7. This court cannot reweigh the medical evidence. *See Rutherford*, 399 F.3d at 552. Instead, this court must determine whether the ALJ adequately reviewed the evidence in this case, *see*

---

[7] *Hallux rigidus*, Medical Dictionary for the Health Professions and Nursing, (Aug. 26, 2024, 4:32 PM), https://medical-dictionary.thefreedictionary.com/hallux+rigidus.

[8] This included records that stated Plaintiff had made "great progress" after physical therapy, physical exams showing a normal gait with unimpaired lower extremity strength, and progress notes that Plaintiff had normal muscle strength and intact protective sensation in both feet. R. at 19, 22.

*Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001), and identified substantial evidence to support his conclusion. Since substantial evidence is not a great deal of evidence, *see Pierce*, 487 U.S. at 565, it is apparent that the evidence the ALJ cited satisfied the requirement. *See* R. 31-35. Finally, this court notes that Plaintiff has not provided evidence that the ALJ ignored, which supports a contrary conclusion. Since the ALJ provided a sufficient explanation, supported by the record, as to the weight he was attributing to the evidence relevant to assessing Plaintiff's big toe impairment, substantial evidence supports the ALJ's findings. He applied the proper legal standards in concluding that Plaintiff was not disabled; therefore, there is no basis for reversal or remand.

## V.   CONCLUSION

A thorough review of the relevant law and the record indicates that the ALJ did not commit reversible legal error and that substantial evidence supports the ALJ's decision. Accordingly, Plaintiff's Request for Review is denied. An implementing Order and Order of Judgment follow.